OPINION of the Court, by
Judge Owsley.
— Thi is an action oí i bt, prosecuted in the Jefferson circuit court, in tile name of Charles Scott, governor, &x. for the use of Prather, paymaster of the first regiment of the Kentucky Militia, for the use of said regiment, upen a sheriff ’s bond, against Bartlett, &c. The declaration states in substance, that Bartlett, former sheriff of Jefferson county, and Edwards, See. his securities, executed a bond to James Garrard, former governor of Kentucky,; and predecessor of Christopher Greenup, late , governor, who was predecessor of Charles Scott, governor, &c. conditioned among other things, that said Bartlett, sheriff’, should in all things truly and faithfully execute the office of sheriff, for Jefferson county, accor-dt-igto law ; and assigns for breach a failure to do every ming and any thing in said condition stipulated, for whereas on the 4th day of May 1801, while the said Bartlett was sheriff as aforesaid, and the said writing obligatory in full force and operation, James Meriwst- *587 »her, then and there judge advocate of the-first regiment of the Kentucky Militia, in the county of Jefferson, delivered to the said Bartlett, as sheriff aforesaid, a list of fines imposed by the court martial held fc¡ assessment of fines in said regiment, amounting to one hundred and sixty-nine dollars fifty-six cents, for which said Bartlett, as sheriff, gave his receipt, promising to collect and account for the same according to law ; nevertheless said Bartlett has not accounted for and paid said fines, &c. Judgment by default was - had against Bartlett, &c, and upon the execution of a writ of inquiry, S 169 56 cents in damages was found by the jury.
The first inquiry necessary for the consideration of this court is, whether the assignment of breaches gives any cause of action1 in favor of the plaintiff, because of the averment that the list of fines was delivered to Bartlett, by the judge advocate of the regiment. Was this case governed by the act approved December 20th 1860, concerning the militia, as was contended for by the plaintiffs in error, doubts might exist whether the action could be supported. That act provides that all fines thereafter assessed, shall be by the judge advocate put into the hands of the commanding officer of the regiment, who approving the same shall put a copy of the report into the hands of some sheriff, &c. But by an act of 1798, concerning the militia, it is made the duty oí the judge advocate to put the fines imposed into the hands of the sheriff. At what time the fines alleged in the declaration to have been delivered to Bartlett were, assessed, is not averred ; whether before or after the passage of the act of 1800, does not certainly appear.
We think however, it is evident that the fines were imposed under the act of 1798. The judge advocate, under that act, was bound to deliver the fines to the sheriff; he has accordingly done so ; we cannot presume he has violated his duty in delivering the fines, and the sheriff to have done more than the law imposed on him, in receiving and receipting for them ; when by a contrary presumption the judge advocate acted in stria:conformity to his duty in delivering the fines, and the sheriff his in receipting for them.- The averment in the-declaration therefore gives the plaintiff a good cause of action. The fines- should' be considered as assessed tinder the act of 1798, by which it was the duty of the *588 judge advocate to deliver them to the sheriff. The next inquiry for consideration, is, whether an action can be maintained on the sheriff’s bond for failing to ae-count for militia fines. .By the condition of the bond, the sheriff was in all things truly and faithfully to exefo cute the office of sheriff according to law ; by law ..the sheriff was bound to receive and account for the fines delivered to him for collection.
The liability of the sheriff therefore, comes within the express' provisions of the condition of the bond ; whether the sheriff'at the date of the bond was bound to receive and collect militia fines or.not, cannot affect his liability. So soon as the law imposed the duty on the sheriff, the bond became obligatory on him for a faithful performance of that duty. The assignment of et rors makes it necessary also to decide-, whether the breaches of the condition of the bond are erroneously assigned ? They are somewhat informally assigned, but we think substantially correct ; the assignment must be considered as a specification of a particular breach in failing to collect and account for the militia fines delivered to him for collection, and not as a general and special assignment of breaches. We think the action was properly prosecuted for the use of Prather, the paymaster, for the use of the regiment. The fines should have been paid the paymaster, and he bound to appro - priate therm to the use of the regiment. He therefore acted correctly in prosecuting suit for their collection.
Judgment affirmed.